CHARLES THOMPSON, *App't,* *versus* CHARLES E. WHITE, *Adm'r.*
SAME                    *versus* MARGARET SMALL.

Where a master of a vessel, who had loaned a part of the money received for
freight, and taken a promissory note therefor, payable to himself, died be-
fore the note was paid, his administrator will not be entitled to retain it;
such note being the property of the owner of the vessel, held by the master
in trust, and clearly distinguishable from the other assets belonging to his
estate.

If the administrator, after the owner had demanded the note of him, collect it,
he will become *personally* liable to the owner for the money.

CHARLES E. WHITE, the appellee, in the case first named,
as administrator of the estate of George H. Small, present-
ed an account of administration, which was approved by the
Judge of Probate for the county of Sagadahoc.

At the same Court, the Judge of Probate, on application of
said Margaret Small, the widow of said intestate, decreed to
her an allowance of $700, out of the personal estate of the
deceased.

The said Thompson, as a party interested and aggrieved,

appealed from the allowance made to the widow, and also from the approval of the administrator's account by the Judge of Probate.

At *Nisi Prius*, MAY, J., presiding, the parties agreed to submit the cases to the full Court on report of the evidence.

The cases were heard and considered together. The material facts reported, and the questions presented, appear in the opinion of the Court.

*Barrows* argued for appellant.

*Bronson & Sewall*, for the appellees.

The opinion of the Court was drawn up by

DAVIS, J.—The appellee, in the case first mentioned, is administrator of the estate of George H. Small. From the evidence reported, it appears that Small was master of a vessel owned by the appellant, and that, in Havre, in January, 1856, he received freight to the amount of 38,450 francs. This money was paid by him to Messrs. Barbe & Morisse, the consignees, by whom the vessel's accounts were kept.

While in Havre, Capt. Small loaned to one Alexander three hundred dollars of the money belonging to the vessel, taking a promissory note therefor, payable to himself. He died on his return, and this note was in his hands, unpaid, at the time of his decease. The appellant claimed it of the administrator, into whose possession it had come, but he refused to give it up; and it was appraised as part of the estate, and was afterwards paid by Alexander. The administrator charged the amount to himself; the whole of the personal estate, except $78,24, was given to the widow as her allowance, and the administrator's account, crediting himself with this payment, was approved by the Judge of Probate.

We cannot doubt that the money loaned by Capt Small, for which the note was given, was the property of the appellant. The note was, therefore, the property of the appellant, and was held by Small in trust. It was distinguishable from the other assets of the deceased; the administrator had no-

tice that it belonged to the appellant; and, the proceeds having come into his hands, he is personally liable therefor. *Chesterfield Manufacturing Co.* v. *Dehon*, 5 Pick. 7. It is important, therefore, for his own protection, that the proceedings in the Probate Court should be made to conform to the rights of the parties. Before any allowance is made to the widow, he should credit himself with the amount received on the note, that the amount of personal property may be known.

The decree in each of the cases is reversed, and they are remitted to the Probate Court for further proceedings.

TENNEY, C. J., HATHAWAY, RICE, APPLETON, and MAY, J. J., concurred.